1 | **McGLINCHEY STAFFORD**
Richik Sarkar (*to be admitted Pro Hac Vice*)

2 | Dhruv M. Sharma (SBN 279545)
18201 Von Karman Avenue, Suite 350

3 | Irvine, California 92612
Telephone: (949) 381-5900

4 | Facsimile: (949) 271-4040
Email: bpaino@mcglinchey.com

5 | dsharma@mcglinchey.com

6 | Harijot S. Khalsa, Esq. (SBN 277242)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

7 | 1545 Hotel Circle South, Suite 150
San Diego, CA 92108

8 | Tel: 619/758-1891
Fax: 619/296-2013

9 | hskhalsa@sessions.legal

10 | Attorneys for *Defendant* **STERLING JEWELERS INC. d/b/a KAY JEWELERS**

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

13 |

| | |
|---|---|
| IMELDA APARICIO, | Case No.: |
| Plaintiff, | Hon. |
| v. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |
| STERLING JEWELERS INC. d/b/a KAY JEWELERS; and DOES 1 – 10 inclusive, | **[FEDERAL QUESTION JURISDICTION]** |
| Defendants. | |
| | Superior Court Case No.: 18STLC03857 Action Filed: March 8, 2018 |

22 |      **TO ALL INTERESTED PARTIES**:

23 |      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and

24 | 1446, *defendant* Sterling Jewelers Inc. d/b/a Kay Jewelers ("Sterling") hereby

25 | removes to this Court the state court action described below.

26 | **I.     BACKGROUND**

27 |      1.     On March 8, 2018, *plaintiff* Imelda Aparicio ("Plaintiff") commenced an

28 | action in the Superior Court of the State of California for the County of Los Angeles

1

**NOTICE OF REMOVAL**

1  (the "Superior Court") by filing a complaint (the "Complaint") against Sterling, which

2  initiated *Aparicio v. Sterling*, Case Number 18STLC03857 (the "State Court Action").

3  True and correct copies of the Summons, Complaint, Civil Case Cover Sheet and the

4  Superior Court's Standing and General Orders are collectively attached hereto as

5  **Exhibit 1**.

6       2.     Sterling was served with a copy of the Complaint on March 9, 2018.

7  Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure Rule 6, this

8  notice has been timely filed because it is being filed within 30 days of Sterling's

9  receipt of the Complaint.

10       3.     As of the date of this notice, Sterling has not filed an answer or otherwise

11  responded to the Complaint. Accordingly, Sterling is informed and believes that the

12  Summons, Complaint, Civil Case Cover Sheet, and Superior Court Standing and

13  General Orders attached hereto as **Exhibit 1** constitute all process, pleadings, and

14  orders in the State Court Action.

15       4.     The Superior Court has scheduled a non-jury trial for September 5, 2019,

16  and an Order to Show Cause hearing for Plaintiff's failure to file a proof of service for

17  March 11, 2021. It has not otherwise scheduled or conducted any hearings as of the

18  date of this notice. A true and correct copy of the docket in the State Court Action is

19  attached hereto as **Exhibit 2**.

20       5.     Pursuant to 28 U.S.C. § 1446(d), Sterling will promptly give written

21  notice of the removal of the State Court Action to all adverse parties and will file a

22  copy of this notice with the Clerk of Los Angeles County Superior Court.

23  **II.     VENUE**

24       6.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the

25  Central District of California – Western Division is the proper venue for the removed

26  State Court Action because it is the judicial district and division in which the State

27  Court Action is pending.

28  /././

**NOTICE OF REMOVAL**

1098015.1

**III.    FEDERAL QUESTION JURISDICTION**

7.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because the Complaint requires a determination as to whether Sterling violated "laws…of the United States." *See* 28 U.S.C. § 1331. Specifically, the Complaint alleges that Sterling violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "<u>TCPA</u>"). (*See* Compl., ¶¶ 1, 17, 21-26). Plaintiff alleges that Sterling negligently and/or willfully violated the TCPA by using an automatic telephone dialing system to place telephone calls in order to collect on a debt, for which she was charged. (*See* Compl., ¶¶ 12-14, 17). Moreover, while couched as a claim under California's Rosenthal Fair Debt Collection Practices Act, Plaintiff's Complaint also alleges that Sterling violated provisions of the federal Fair Debt Collection Practices Act. (*See* Compl., ¶¶ 15-16).

8.    By virtue of these claims, the resolution of this action will necessarily require the Court to adjudicate disputed questions of federal law. It follows that Sterling may remove the State Court Action to this court pursuant to the provisions of 28 U.S.C. § 1441. *See also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) (Federal courts have concurrent jurisdiction over private suits arising under the TCPA); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law").

9.    To the extent Plaintiffs' Complaint states causes of action that are not based on federal law, this Court has supplemental jurisdiction. This is because any such claims: (i) arise from the same set of operative facts that underlie Plaintiff's TCPA claim; and (ii) relate to the same subject matter; namely, Sterling's alleged debt-collection telephone calls to Plaintiff. Accordingly, Plaintiff's state-law claims are related to her federal question allegations, thereby forming a part of the "same case and controversy" pursuant to 28 U.S.C. § 1367(a).

/./././

**NOTICE OF REMOVAL**

1098015.1

**IV.    RESERVATION OF RIGHTS**

10.    Sterling reserves the right to supplement this notice when, and if, additional information becomes available. In addition, Sterling reserves all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

**WHEREFORE**, Sterling prays that the State Court Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

DATED:  April 6, 2018                      **McGLINCHEY STAFFORD**

By: _/s/  Dhruv M. Sharma_
     DHRUV M. SHARMA
Attorneys    for    *Defendant*    **STERLING JEWELERS INC. d/b/a KAY JEWELERS**

DATED:  April 6, 2018                      **SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.**

By: _Harijot S. Khalsa_
     HARIJOT S. KHALSA
Attorneys    for    *Defendant*    **STERLING JEWELERS INC. d/b/a KAY JEWELERS**

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the undersigned attests that he obtained concurrence in the filing of this document from the other signatories.

Dated: April 6, 2018                         _/s/  Dhruv M. Sharma_
                                              Dhruv M. Sharma

4

**NOTICE OF REMOVAL**

1098015.1